[Crim. No. 4722.   Second Dist., Div. One.   Mar. 10, 1952.]

THE PEOPLE, Respondent, v. WILLIAM JEROME SCHIVO, Appellant.

John J. Bradley and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and order denying a motion for a new trial.

Defendant was charged in the information with the violation of section 337a of the Penal Code; Count I for the violation of subdivision 2 and Count III for the violation of subdivision 3. A jury was waived and by stipulation the issues were submitted on the transcript of the preliminary examination. Defendant was adjudged guilty as to Count II and not guilty as to Count I. A motion for a new trial was denied.

It is contended on appeal that "The verdict is contrary to the law and to the evidence." In this connection it is argued that the corpus delicti was not established by independent evidence; that the "mere possession of betting markers is not prima facie evidence of violation of subdivision 3 of section 337a."

Briefly, the records revealed that two officers entered defendant's establishment which was a "news stand and check cashing office" and found a number of papers which one of the officers after, "It was stipulated that officer Jones was qualified to testify as an expert in matters concerning the means and manner, books, papers and paraphernalia used in bookmaking," described as memoranda used by bookmakers; two were found on defendant's person.

█ It is well settled that prima facie proof of the corpus delicti is sufficient. ██ Manifestly this issue was for the trial judge to determine and it is also well settled that if there is substantial evidence to support the finding the finding will not be disturbed on appeal.

The officers testified to the conversation with the defendant at the time of the arrest which it is unnecessary to recite.

A review of the record reveals the evidence sufficient to support the judgment and no reversible errors appear.

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.